IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JARVON MARTEL CROSSLEY (#2017-9094032), | |
| Plaintiff, | Case No. 19-cv-8263 |
| v. | Judge Mary M. Rowland |
| SHERIFF THOMAS DART, et al., | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Jarvon Martel Crossley brings this suit against six Cook County Correctional Officers and Cook County Sheriff Thomas Dart for violation of his constitutional rights under 42 U.S.C. § 1983 and for intentional infliction of emotional distress, resulting from the alleged excessive use of force during his incarceration at Cook County Department of Corrections (CCDOC). Defendant Bakowski brings a motion to dismiss for improper joinder of claims [69].[1]

### Standard

Rule 20(a) allows for permissive joinder "when two requirements are met. First, the cases to be joined must contain a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences. Second, there must be a question of law or fact common to all the plaintiffs." *McDowell v. Morgan Stanley & Co.*, 645 F.Supp.2d 690, 694 (N.D. Ill. 2009) (internal citations and quotations omitted). If "the Court finds that joinder is improper, Rule 21 comes into effect." *Id*. Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. Pro. 21. "It is within the district court's broad discretion whether to sever a claim under Rule 21."

### Analysis

Defendant Bakowski argues that joinder is improper in this suit where Crossley alleges two separate incidents of misconduct by two different sets of officers. Specifically, Bakowski asserts that Seventh Circuit precedent prohibits detainee-plaintiffs from filing separate claims for injuries related to separate groups of defendants within the same complaint. Dkt 69 at 2 relying on *Wheeler v. Wexford Health Sources Inc.,* 689 F.3d 680, 683 (7th Cir. 2012). Crossley argues that the claims are properly joined because the allegations arise out of the same "transaction or

---

[1] Bakowski also raised the statute of limitations. The Court denied that argument orally on June 16, 2021, and requested briefing on the issue of joinder. [81].

1

occurrence" and but for the first incident occurring the incident involving Defendant Bakowski would not have occurred. Dkt. 85 at 6. This Court agrees.

To determine whether the same transaction or occurrence standard is met, "a case-by-case approach is generally pursued because no hard and fast rules have been established." *White v. Coventry Health Care, Inc.*, 2018 WL 1469025, at *2 (N.D. Ill. Mar. 26, 2018) (cleaned up). The phrase "transaction or occurrence" should be interpreted broadly. *Rivera v. Sheriff of Cook County*, 13 CV 4493, 2014 WL 1612569 ta *2 (N.D. Ill. Apr. 21, 2014). Courts consider the "logical relatedness of separate occurrences" including "whether the alleged conduct occurred during the same general time period, involved the same people and similar conduct, and implicated a 'system of decision-making' or 'widely-held policy of discrimination.'" *Lozada v. City of Chicago*, 10 C 1019, 2010 WL 3487952 at *2 (N.D. Ill. Aug. 30, 2010) quoting *Wilson v. Peslak*, 04 C 2345, 2005 WL 1227316 at *2 (N.D. Ill. May 12, 2005); *see also Robinson v. Dart*, No. 13 C 1502, 2014 WL 222711, at * 2 (N.D. Ill. Jan. 21, 2014).

In this case, Crossley was an inmate at Cook County Correctional Center and in his cell at 11:00 a.m. on September 29, 2018 in Division 11. Dkt. 85 at 2. After his cellmate instigated an argument, Defendant Officer Anderson handcuffed Crossley. While handcuffed, Anderson pushed Crossley into Defendant Officer Evans. *Id.* In an attempt to further restrain Crossley, Anderson continued to keep Crossley on top of Evans. Defendant Officer Rubio then approached and pepper sprayed Crossley. *Id.* at 3. Because of that incident Crossley was charged with Battery, Disobeying or Resisting Orders, and Battery to Staff. *Id.* The charges caused Crossley to be transferred to Division 9, segregation.

The transfer began the same day at 1:00 p.m. *Id.* Approximately fourteen minutes later Defendant Officer Bakowski and Defendant Officer Carpenter transferred Crossley and two other inmates from the transfer bus to an elevator. *Id.* This transfer is where the allegations against Bakowski occur. Crossley alleges that while in the elevator the Defendants beat Crossley and the other inmates in the midsection and heads while other officers kept them restrained. *Id.* Then, after being moved to a second elevator one officer noted that the second elevator had cameras so they should "be cool." *Id.* at 4. One officer stated that he should spit in Crossley's buttocks. Throughout this entire interaction, Bakowski and other officers were with Crossley and the other inmates. At that point, Crossley was escorted to their new cells. *Id.*

Defendant's cited cased are misplaced. *Wheeler* denied joinder where a plaintiff brought suit against 36 defendants, several of whom had no relation to his claim of inadequate medical care. 689 F.3d at 683. Bakowski also relies on *George v. Smith,* 507 F.3d 605 (7th Cir. 2017) where the plaintiff sued 24 people who had "some role" in his confinement over an extended period. This case is distinguishable from the present case where Crossley alleges two sets of guards engaged in excessive force

2

within the same day and in a pattern or practice that violates his civil rights. This is not a scattershot strategy as discussed in *Owens v. Godinez,* 860 F.3d 434, 436 (7th Cir. 2017).

Rather, the Complaint is clear that had one set of officers not engaged in misconduct and excessive force, Defendant Bakowski would not have interacted with Crossley nor been in a position to use the alleged excessive force on him. Plaintiff's *Monell* claim against Sheriff Dart in his official capacity strengthens his argument for joinder given that the officers' actions, in both instances, implicate a system of CCDOC's decision making and policies. Plaintiff alleges that the officers' use of force in the elevator was part of a pattern and practice.

Moreover, there are issues of fact and law common to all plaintiffs in this case, satisfying the second prong of Rule 20. Rule 20 only requires common issues of law *or* fact for proper joinder. *Intercon Research Associates, Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982). The central question in the instant case is whether Crossley was subjected to excessive force because of the improper patterns and practices within CCDOC. The Court holds that this cause presents sufficient commonality of law or fact for proper joinder under Rule 20.

## Conclusion

For the stated reasons, Defendant's Motion to Dismiss for improper joinder [69] is denied.

E N T E R:

Dated: February 14, 2022

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

3