IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JARVON MARTEL CROSSLEY (#2017-9094032), | |
| Plaintiff, | Case No. 19-cv-8263 |
| v. | Judge Mary M. Rowland |
| SHERIFF THOMAS DART, et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jarvon Martel Crossley brings this suit against six Cook County Correctional Officers and Cook County Sheriff Thomas Dart for violation of his constitutional rights under 42 U.S.C. § 1983 and for intentional infliction of emotional distress, resulting from the excessive use of force during his incarceration at Cook County Department of Corrections (CCDOC). Defendant Dart has moved to dismiss all claims against him. For the reasons stated herein, this Court denies Defendant's motion to dismiss [99].

### I.  Background

This Court accepts as true the following factual allegations from the fourth amended complaint [96]. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). Plaintiff Jarvon Martel Crossley was incarcerated within Cook County Department of Corrections on September 29, 2018. Dkt. 96 ¶ 5. On that day, Crossley was in his cell in Division 11, Tier AJ, at 11:00 a.m.; at that time, the Department allowed inmates to exit their cells for dayroom time. *Id.* ¶ 15. Defendant

1

Anderson came by Crossley's cell and began talking to his cellmate in Spanish. *Id.* Shortly thereafter, Anderson called Crossley over and handcuffed him. *Id.* ¶ 16. While restrained, Anderson pushed Crossley into Defendant Evans, causing Crossley to fall on top of Evans. While attempting to restrain Crossley, Anderson pushed Crossley into Evans further. *Id.* ¶ 17. Moments later, Defendant Rubio sprayed Crossley with pepper spray before Rubio and two other officers escorted him to the receiving unit. *Id.* ¶ 18. Afterwards, officers took Crossley to Division 9 segregation custody along with two other inmates. Ten officers and three inmates stood in the elevator; the officers instructed the inmates, including Crossley, to keep their heads down and face the wall. *Id.* ¶ 21.

While in the elevator, Defendants Bakowski, Carpenter, and other officers beat Plaintiff in the head and midsection while another officer kept him restrained. *Id.* The officers also beat the other inmates. *Id.* Plaintiff was then led to another elevator; while on the second elevator, one officer said, "be cool, it's a camera on this one." *Id.* ¶ 22. After being removed from the second elevator, officers pushed the inmates along a wall and an unidentified officer stated that he should "spit in the Plaintiff's buttocks." *Id.* ¶ 23. Crossley was then escorted to segregation where he remained for three days. *Id.* ¶ 24. Plaintiff claims that Defendant Dart failed to properly train and supervise the individual Defendants regarding the use of force. *Id.* ¶ 26.

Based upon these alleged facts, Crossley brings this suit against multiple correction officers in their individual and official capacities. Crossley also brings this suit against Cook County Sheriff Thomas Dart in his official capacity. (Count I). Dart

2

moves to dismiss, arguing that Plaintiff has failed to state a plausible official capacity claim. Dkt 96 at 3.

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations," but still must provide more than mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" for her complaint to be considered adequate under Federal Rule of Civil Procedure 8. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal,* 556 U.S. at 679).

## III.  Analysis

Defendant Dart makes two arguments in support of his motion to dismiss for failure to state a claim. Dart first argues that Crossley fails to identify a specific policy or practice that violated his rights. Dkt. 96 at 5. Additionally, Dart argues that Crossley fails to plead a "widespread practice" of constitutional violations, thereby failing to show a pattern as required in Section 1983 suits. *Id.* This Court takes each in turn.

### A.  *Crossley adequately pleads a pattern, practice, policy or custom under Section 1983 to invoke liability against Sheriff Dart in his official capacity.*

The parties do not dispute that as Cook County Sheriff, Dart possesses "final policymaking authority over jail operations," and thus, constitutes the proper party for an official capacity claim under *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690–91 (1978), which targets "policies and customs that deprive inmate of their federal rights." *Miranda v. County of Lake*, 900 F.3d 335, 344 (7th Cir. 2018). Courts evaluating *Monell* claims recognize three types of polices or customs: (1) an express policy; (2) a widespread practice which, although unwritten, carries the force of policy; or (3) through the actions of an individual who makes final policy decisions on behalf of the municipality. *Turner v. Cook Cty. Sheriff's Off. by & through Dart*, No. 19 CV 5441, 2020 WL 1166186, at *3 (N.D. Ill. Mar. 11, 2020) (citing *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012)); s*ee also Daniel v. Cook County*,

4

833 F.3d 728, 734 (7th Cir. 2016) ("An unconstitutional policy can include both implicit policies as well as a gap in expressed policies.").

In moving to dismiss, Dart argues that Crossley failed to state a claim because he does not "specify which express policy, gap in policy, or custom lead to Plaintiff's alleged physical and mental injuries beyond conclusory allegation. Dkt. 99 at 4. Instead, Dart argues, Crossley relies on a *respondeat superior* theory of liability. *Id.* This Court disagrees.

Crossley's *Monell* claim alleges that Dart failed to train CCDOC officers to avoid the use of excessive force and failed to respond to repeated excessive force complaints by CCDOC officers. Dkt. 101 at 4–5. Taking each in order, failure to train liability is viable under *Monell* when "inadequate training 'amounts to deliberate indifference to the rights of persons with whom" the jail employees came into contact. *Flores v. City of South Bend*, No. 20-1603, 997 F.3d 725, 731 (7th Cir. 2021) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). As the Seventh Circuit explained, what separates failure to train liability from traditional *respondeat superior* liability is a known pattern of tortious conduct demonstrating the need for additional training, rather than a one-time incident involving negligence. *Id.* Here, Plaintiff has alleged that Dart failed to ensure that CCDOC officers received proper training regarding the use of force, resulting in Plaintiff's "brutal beating" that violated his constitutional rights. Dkt. 96 ¶¶ 34, 37. Plaintiff also asserts that Dart knew about ongoing officer misconduct at the CCDOC for decades, *id.* ¶ 32, thus raising an inference of a pattern of conduct, rather than a one-time occurrence. Such allegations

suffice to state a *Monell* claim based upon a failure to train theory. *See Flores*, 997 F.3d at 733 (holding that a complaint plausibly stated a failure to train theory based upon allegations that the City of South Bend "acted with deliberate indifference by failing to address to known recklessness of its police officers as a group.").

Plaintiff's second theory posits that Dart has failed to respond to "repeated instances" of elevator beatings by CCDOC officers, and Dart's failure to respond caused Plaintiff's injuries. Dkt. 96 ¶¶ 36–37. These allegations at this stage of the proceedings plausibly support the inference that Dart maintained a "custom or practice of turning a blind eye to . . . misconduct by its officers." *Watson v. Village of Riverdale*, No. 17 C 6771, 2018 WL 4931708, at *3 (N.D. Ill. Oct. 11, 2018).

## B. Crossley adequately pleads a "widespread unconstitutional practice."

Dart also argues that Crossley has failed to allege a *widespread* unconstitutional practice that point to a specific policy. Dkt. 99 at 5. Again, this Court disagrees. Notably, Crossley's failure to train allegation does not require allegations of widespread constitutional violations; rather, a "single violation can suffice where a violation occurs and the plaintiff asserts a recurring, obvious risk." *Flores*, 997 F.3d at 731. As discussed above, Plaintiff has asserted not only his own violation, but also that such officer misconduct has occurred over time. And as to Crossley's claims regarding Dart's failure to act in response to complaints of violations, the Fourth Amended Complaint alleges that the practice of using elevator spaces to beat inmates is well-known and continuous. *See* Dkt. 96 ¶ 25. These allegations more than suffice to raise inferences of a *widespread* custom or practice.

In support of his motion, Dart relies on *Grieveson v. Anderson,* 538 F.3d 763, 774 (7th Cir. 2008) and *Estate of Moreland v. Dieter,* 395 F.3d 747, 760 (7th Cir. 2005). The Seventh Circuit considered both cases at the summary judgment stage, which involves a much higher standard and requires the plaintiff to support his allegations with evidence.

Dart also relies upon *Caldwell v. City of Elwood*, 959 F.2d 670 (7th Cir. 1992). There, however, the plaintiff failed to allege the existence of a policy or custom when he asked the court to draw inferences between the facts he pled and the allegations of misconduct. The plaintiff, a firefighter, was suspended after he went to the home of the city's mayor to voice concerns about the fire department. *Id.* at 671. The plaintiff argued that the suspension violated his right to free speech *Id.* Affirming the dismissal, the Seventh Circuit held the complaint failed to connect the speech with the disciplinary measures taken and that Caldwell failed to allege a policy or custom. Without pleading a custom or policy that led to his suspension, dismissal of the municipality was appropriate.

In comparison to the instant case, Crossley adequately pleads enough facts and allegations so that the Court need not make the "inferences" discouraged in *Caldwell.* At this stage, Crossley has adequately pled his *Monell* claim against Sheriff Thomas Dart in his official capacity.

## IV.  Conclusion

For the stated reasons, Defendant's Motion to Dismiss [99] is denied.

E N T E R:

Dated: February 14, 2022

_____
MARY M. ROWLAND
United States District Judge